JOHN C. KIRKE, #175055
jkirke@donahue.com
ANDREW S. MACKAY, #197074
amackay@donahue.com
YEN P. CHAU, #221087
ychau@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone:  (510) 451-3300
Facsimile:  (510) 451-1527

Attorneys for Defendant
SBS TRANSPORT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANASSEH STOKES, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SBS TRANSPORT, LLC, a Michigan limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT SBS TRANSPORT, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant SBS TRANSPORT, LLC ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, and sets forth in support of its Notice of Removal, the following:

## PROCEDURAL POSTURE

1. On November 5, 2019, plaintiff Manasseh Stokes ("Plaintiff") commenced an putative class wage and hour action in the Superior Court of the State of California in and for the County of Alameda entitled *Manasseh Stokes, individually and on behalf of others similarly situated, vs. SBS TRANSPORT, LL*, Case No. RG19042131 (the "State Court Action"). A true and correct copy of Plaintiff's Complaint ("Complaint") and Summons are collectively attached hereto this Notice, as Attachment "A." Service of the State Court Action on Defendant was effective on February 24, 2020. A true and correct copy of Plaintiff's proof of substituted service filed with the State Court is attached hereto this Notice as Attachment "B".

2. Plaintiff's Complaint alleges that Plaintiff and other truck drivers were Defendant's employees, but misclassified as independent contractors. On that basis, the Complaint asserts that Defendant violated various wage and hour claims under the California Labor Code. Specifically, Plaintiff's Complaint alleges claims for: failure to pay minimum wage; failure to indemnify employees for necessary business expenses; unlawful deductions from wages; failure to furnish accurate wage statements; failure to maintain records; failure to pay all wages during employment, and; failure to pay all wages upon separation. Additionally, Plaintiff's Complaint also asserts unfair competition, as well as a Labor Code Private Attorney General Act of 2004 claim (the "PAGA" claim).

3. Plaintiff seeks compensatory damages, liquidated damages, waiting time penalties, statutory and civil penalties, and reasonable attorney fees and costs. Further, Plaintiff seeks restitution of all monies due to Plaintiff and the putative class members, as well as a disgorgement of profits from Defendant.

4. According to the Complaint, Plaintiff worked for Defendant from February 2019 to March 2019. Attachment A at pg. 3:28-4:2. Plaintiff is the sole named plaintiff. Defendant is the sole defendant named in the State Court Action.

5. This Notice is accompanied by a copy of all process, pleadings and orders filed and served in the State Court Action. In addition, to the Complaint and Summons, and Proof of Service, attached hereto this Notice, as Attachments "A" and "B" and, a true and correct copy of all other process, pleadings and orders filed and served in the State Court Action are collectively attached hereto this Notice, as Attachment "C".

## JURISDICTION

6. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) on the grounds that complete diversity of citizenship exists between the parties and Plaintiff seeks damages in excess of this Court's jurisdictional minimum of $75,000.00. Defendant does not invoke removal based on 18 U.S.C. § 1332(d)(2), the Class Action Fairness Act.

7. Defendant invokes this court's subject matter jurisdiction, via diversity, which contemplates complete diversity of citizenship and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Both requirements are satisfied here. First, the parties are completely diverse: plaintiff is a California domiciliary and citizen; defendant is a citizen of Michigan. Second, Defendant can demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal, based on the claims at issue. And, in light of Plaintiff's request for non-monetary relief enjoining Defendant from violating the relevant wage and hour provisions of the California Labor Code and Wage Orders, Defendant asserts the amount in controversy to exceed $75,000. 28 U.S.C. §1446(c)(2)(A)(i).

**A.   The Complete Diversity Requirement Is Satisfied**

8. In a putative class action removal based on diversity jurisdiction under 28 U.S.C. § 1332, courts examine only the claims of named class plaintiffs for purposes of the complete diversity requirement. *Pruell v. Caritas Christi, 645 F.3d 81, 83 (1st Cir. 2011)* (The usual rule in

class actions is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims); *Gibson v. Chrysler Corp,* 261 F.3d 927, 941 (Ninth Cir. 2001) (For purposes of establishing complete diversity in class actions, citizenship of unnamed class members is disregarded).

9. Plaintiff is the sole named plaintiff, and at the time the State Court Action was filed was, is a resident of California. Exhibit A to the Chau Decl. at pg. 3:16-18. Accordingly, Plaintiff is presumptively a citizen of California, where he filed the State Court Action.

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F2d 1088, 1090 (9th Cir. 1983). Where one lives is *prima facie* evidence of domicile. *Anderson v. Watts,* 138 U.S. 694, 706 (1891) (The place where a person lives is taken to be his domicile until facts adduced establish the contrary).

11. In the absence of evidence to the contrary, Plaintiff is therefore a California citizen for diversity purposes. *Zavala v. Deutsche Bank Trust Company Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("[T]he complaint indicates that Zavala resides in California... In the absence of evidence to the contrary, Zavala is a California citizen for diversity purposes." (internal citation omitted)); see also *13E Wright & Miller, Federal Practice and Procedure* § 3612 n.28 (3d ed. 2013) ("It is assumed... that a person's current residence is also his domicile...").

12. Defendant is, and at the time the State Court Action was filed was, a citizen of Michigan. Defendant is a limited liability company headquartered in the State of Michigan with its Articles of Organization filed in the State of Michigan. Attached hereto as Exhibit "A" to the Declaration of Dajana Franovic (the "D. Franovic Decl.").

13. Nonetheless, "the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolottai*, 150 F3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006). Defendant's members are Dajana Franovic and Marko Franovic. Both Dajana Franovic and Marko Franovic are natural persons that at all times relevant to this matter, has been domiciled in and a citizen of the State of Michigan. D. Franovic Decl. at ¶ 2. See also the Declaration of Marko Franovic (the

"M. Franovic Decl.") at ¶ 3. Accordingly, Defendant SBS Transport is a citizen of the State of Michigan.

14. Complete diversity is therefore established as Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Michigan.

15. The Complaint also names Defendants Does 1 through 10. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded.

**B.  The Amount in Controversy Requirement Is Satisfied**

16. Where a putative class action is removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332, courts examine "only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 941 (9th Cir. 2001).

17. Plaintiff's Complaint does not specify a damages amount, but it is more likely than not that the amount of controversy exceeds the jurisdictional threshold for diversity jurisdiction. "Where ... it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc*., 726 F.3d 1118, 1121–22 (9th Cir. 2013)). Defendant's proof may consist of facts presented in the removal petition as well as any "summary judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003).

18. Here, a reasonable estimate of Plaintiff's potential discovery exceeds the $75,000 amount in controversy.

      **(i)** **The amount in controversy for the second cause of action for unreimbursed expenses is $6,622.14.**[1]

19. By way of background, Defendant engaged Plaintiff's services through an independent contractor agreement (the "Agreement") between Defendant on one hand, and Plaintiff's company, High Steppers Transport, LLC. ("High Steppers") on the other hand. Exhibit B to the D. Franovic Decl., the SBS Transport Independent Contractor Service Agreement between High Steppers Transport, LLC and SBS Transport; See also Complaint at pg. 6:23-25.

20. Pursuant to the Agreement, High Steppers was to receive 25% of the "Transport Revenue" of each load. "Transport Revenue" is the amount Defendant charged a customer for the transport of any cargo delivered by High Steppers, less amounts for toll adjustments, logistics fees, expediting and any payment to third parties. See D. Franovic Decl. at Exhibit B, at Section 3a.

21. With respect to the second claim for unreimbursed business expenses, Plaintiff seeks reimbursement for business expenses including "equipment, equipment maintenance, cell phone usage, and other employment-related expenses." Complaint at 11:27-12:4.

22. Based on Defendant's records, Plaintiff incurred approximately $5,262.53 (five thousand two hundred sixty dollars and 53 cents) in fuel costs. ¶ 6 and Exhibit C to the D. Franovic Decl.

23. Plaintiff additionally may recover at least $60 for cell phone reimbursement ($30/month x 2 months). A $30 per month cell phone reimbursement is reasonable, and less than the cell phone reimbursement rate of Defendant's counsel's firm. See Declaration of Yen Chau ("Chau Decl.") at ¶ 2.

24. Plaintiff could also recover approximately $1,299.62 for reimbursement of self-employment taxes based on earnings of $8,494.24 taxed at a self-employment tax rate of 15.3%. See D. Franovic Decl. at Exhibit D, Pay Detail Sheets for Driver Manasseh Stokes; IRS self-

---

[1] Plaintiff does not allege the number of hours Plaintiff worked, and thus Defendant is unable at this time to estimate the potential damages recoverable for Plaintiff's first claim for unpaid minimum wages.

employment tax rate at https://www.irs.gov/businesses/small-businesses-self-employed/self-employment-tax-social-security-and-medicare-taxes.

25. Defendant therefore estimates that Plaintiff can recover at least $6,622.14 for unreimbursed gas, cell phone and self-employment tax expenses.

**(ii) The amount in controversy for the third cause of action for unlawful deductions from wages is $2,500.**

26. The Complaint alleges that Defendant is liable for taking deductions from Plaintiff's compensation for the purpose of establishing an escrow account to draw upon to recover Defendant's ordinary business expenses. *Complaint at pg.13:9-12, Exhibit A to Chau Decl.* Plaintiff could therefore be awarded $2,500 for Defendant's withholding of wages to establish High Steppers' escrow account. See D. Franovic Decl. at ¶ 7.

**(iii) The amount in controversy for inaccurate wage statement and failure to maintain records penalties, pursuant to Plaintiff's fourth and fifth causes of action is $850.**

27. Plaintiff could be entitled to recover $350 penalties for inaccurate wage statements ($50 initial violation plus 3 subsequent violations x $100/violation), and $500 for failure to maintain records, pursuant to California Labor Code Section 1174.5.

**(iv) The amount in controversy for waiting time penalties, the seventh cause of action is $9,100.97 [2].**

28. According to Defendant's records, Plaintiff worked 28 days. See D. Franovic Decl. at ¶ 8. Based on total wages of $8,494.24, Plaintiff therefore earned an average daily rate of $303.36.

29. Plaintiff could potentially recover waiting time penalties, pursuant to California Labor Code 203 in the amount of 30 days x Plaintiff's daily rate ($301.63), or $9,100.97. This penalty amount is conservative, and does not include the unpaid wages Plaintiff claims, which would increase the estimated average daily rate, and therefore increase the California Labor Code 203 penalties.

---

[2] Plaintiff does not provide information pertaining to his damages related to the sixth cause of action for violation of California Labor Code section 204.

      **(v)**    **The amount in controversy on the Cal. Business and Professions Code Section 17200 Unfair Competition Claim, the Complaint's eighth cause of action is $25,452.72.**

30. According to Defendant's records, Plaintiff received compensation totaling $8,494.24. Exhibit D (Pay Detail Sheets for Driver Manasseh Stokes) to the D. Franovic Decl. Pursuant to the Agreement, Plaintiff's pay represents 25% of Defendant's Transport Revenue, approximately $33,936.96. Based on these amounts, Defendant estimates that Plaintiff could be awarded $25,452.72 in restitution and disgorged profits for unfair competition under California Business and Professions Code Sections 17200 et seq. See D. Franovic Decl. at ¶ 9.

31. Based on the foregoing, Plaintiff's total economic award could amount to $44,525.83 or more.

      **(vi)**    **The amount in controversy for Plaintiff's attorney fees is at least $31,000.**

32. An award of attorney's fees may be considered in calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 698 (9th Cir. 2007).

33. In this employment wage and hour action, a prevailing Plaintiff would be entitled to his reasonable attorney fees. By every conservative measure, Plaintiff's attorney fees to litigate an employment claim in a single plaintiff action, much less a putative class action, are very much likely to exceed $31,000.

34. And, this is before the application of any potential lodestar multiplier.

35. In determining the reasonable rate for the attorney's services, courts usually consider: the prevailing rate charged by attorneys of similar skill and experience for comparable legal services in the community; the nature of the work performed; [and] the attorney's customary billing rates. California Practice Guide: Employment Litigation (The Rutter Group 2009) paragraph 17:691, page 17-110.

36. In the Northern District, attorney rates from $275 to as much as $1,600 per hour have been approved. *See, Gutierrez v. Wells Fargo Bank, N.A.,* No. 07-CV-05923-WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding attorney rates from $300 to $975 per hour comparable to those with similar skill in experience in geographic area; *In re NCAA Grant-in-Aid*

1  *Cap Antitrust Litig.,* No. 14-MD-02541-CW, 2017 WL 6040065, at *9 (N.D. Cal. Dec. 6, 2017)
2  (approving attorney rates from $295 to $950, and noting that "[a]ll of these rates are well within
3  the range of $200 to $1,080 charged by attorneys in California in 2015, as shown by a reputable
4  survey of billing rates*"); Rainbow Bus. Solutions v. MBF Leasing LLC*, No. 10-CV-01993-CW,
5  2017 WL 6017844, at *2 (N.D. Cal. Dec. 5, 2017) (finding that attorney hourly rates from $275
6  to $950 were "reasonable and commensurate with those charged by attorneys with similar
7  experience who appear in this Court"); *De la Torre v. CashCall, Inc.,* No. 08-CV-03174-MEJ,
8  2017 WL 5524718, at *11 (N.D. Cal. Nov. 17, 2017) (finding attorney rates up to $900 per hour
9  reasonable); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL
10 No. 2672 CRB, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (finding a lodestar cross-
11 check supports the reasonableness of Class Counsel's requested fees and approving partner billing
12 rates ranging from $275 to $1,600).

13      37.    A search for approved attorney fee awards and hourly rates for Matern Law
14 Group, PC, counsel for Plaintiff, reflect that the Matern Law Group, in class action employment
15 lawsuits, have received attorney fee awards ranging from $250,000[3] to $808,010.67[4].

16      38.    An hourly rate of $500 has recently been approved for Mr. Matthew Matern in
17 connection to a single plaintiff employment matter (for both the underlying case as well as the
18 appeal). See Order and Attachment A at page 12, attached as Exhibit "A" to Chau Decl.

19      39.    Based on an hourly rate of $500, which is on the lower scale of approved rates (see
20 collection of cases above), it is easy to see how Plaintiff's attorney fees will undoubtedly, will
21 exceed $31,000 in this action. Even if associates with lower billing rates perform the majority of
22 the work, in order to prosecute a complaint alleging 8 separate causes of action and a PAGA
23 claim, a reasonable expectation is that plaintiff's attorney fees will exceed $31,000. Accordingly,
24 the amount in controversy requirement is satisfied.

---

[3] *Juan Cortes vs. El Sereno Manor, Inc, et al.,* Class Action Case No. BC506333 in Superior Court of California, County of Los Angeles;

[4] *Arturo Capote v. DCH Auto Group (USA), Inc.,* et al., Class Action Case No. BC565052 in Superior Court of California, County of Los Angeles;

**(vii)** **Defendant measures Plaintiff's request for injunctive relief in excess of $75,000.**

40. Under 28 USC Section 1446(c)(2)(A)(i), in a removal of a civil action conferred by 28 USC Section 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief.

41. Plaintiff seeks preliminary and permanent injunctive relief, "including but not limited to orders that Defendant account for, disgorge and restore to Plaintiff the wages and other compensation unlawfully withheld from them. Complaint at 17:29-18:3. Because Plaintiff seeks non-monetary relief, Defendant may assert the amount in controversy, which Defendant measures to be in excess of $75,000, given the wage claims, penalties, and attorney fees at issue.

## TIMELINESS OF REMOVAL

42. Defendant filed this Notice of Removal within thirty (30) days of service of the Complaint and Summons. Thus, this Notice of Removal is timely filed under 28 U.S.C. §1446(b).

## THE OTHER REQUIREMENTS OF REMOVAL ARE MET

### Venue

43. Removal to this Court is proper as the Superior Court of the State of California, County of Alameda, where the State Court Action was originally filed, is located within this district.

### Intra-District Assignment

44. Assignment to this Court in the Oakland Division is appropriate because the State Court Action was originally filed in Alameda County. See L.R. 3-2(e).

### Filing & Service of Notice of Removal

45. Counsel for Defendant certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California, County of Alameda, and give notice of same to counsel for Plaintiff.

WHEREFORE, SBS Transport, LLC removes the above-entitled action now pending in the Superior Court of Alameda County, State of California, to this Court.

Dated: March 25, 2020         DONAHUE FITZGERALD LLP

By:/s/ John C. Kirke
John C. Kirke
Attorneys for Defendant
SBS TRANSPORT, LLC